# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JEREMY KENNEDY,                                                                                          PLAINTIFF
ADC #093061

v.                                                5:14CV00316-JM-JJV

RORY GRIFFIN, Deputy
Director, ADC; *et al*.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Plaintiff Jeremy Kennedy filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, together with an Application to Proceed Without Prepayment of Fees and Affidavit pursuant to 28 U.S.C. § 1915 (Doc. No. 1).  Having reviewed his Complaint, the Court finds his Application should be denied.

### II. SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A.  Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a three-striker within the meaning of the PLRA, and has filed at least three lawsuits which were dismissed as frivolous or for failure to state a claim upon which relief may be

2

granted.[1]  Although Plaintiff may be permitted to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule set forth above, this exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. 28 U.S.C. § 1915(g);  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*.  Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception...." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

Plaintiff complains about past inadequate dental treatment by Defendants, and their failure to provide him with partial plates.  These identical allegations were set forth in *Kennedy v. Griffen, et al.*, 5:14cv00236-BSM, where United States District Judge Brian S. Miller held that "nothing in the complaint or attached documents suggest that any of the named defendants are currently placing Kennedy in imminent danger of serious physical injury." August 20, 2014 Order, Doc. No. 6, p. 2. Judge Miller then denied Plaintiff's application to proceed *in forma pauperis* and directed Plaintiff to pay the $400 filing fee in order to proceed with his lawsuit.  *Id*.

Based on Plaintiff's status as a three-striker and Judge Miller's ruling that these allegations do not sufficiently set forth a finding of imminent danger of serious physical injury, the Court finds Plaintiff's Application to Proceed Without Prepayment of Fees should be denied.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit

---

[1] *Kennedy v. Barker,* 5:93cv00489-JWC; *Kennedy v. Byers,* 5:04cv00008JMM; *Kennedy v. Minor,* 5:04cv00046-GH.

(Doc. No. 1) be DENIED.

2.      If Plaintiff wishes to continue this case, he is required to submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.      Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 28th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE